## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RICHARD A. POWELL AND JODIE M. POWELL, | CIVIL ACTION 1:15-cv-06118 |
| Plaintiffs, | |
| | COMPLAINT |
| v. | |
| CITIMORTGAGE, INC. A NEW YORK CORPOPRATION and EQUIFAX INFORMATION SERVICES, L.L.C., A GEORGIA LIMITED LIABILITY COMPANY, | JURY TRIAL DEMANDED |
| Defendants. | |

### COMPLAINT FOR RELIEF

NOW COME the Plaintiffs, RICHARD A. POWELL and JODIE M. POWELL ("Plaintiffs"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, CITIMORTGAGE, INC. A NEW YORK CORPOPRATION ("CITI") and EQUIFAX INFORMATION SERVICES, L.L.C., A GEORGIA LIMITED LIABILITY COMPANY ("Equifax") as follows:

### NATURE OF THE ACTION

1. This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 and violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiffs resides in this District and Defendants' conduct harmed Plaintiffs in this District.

## PARTIES

2.  Plaintiffs are natural persons residing in Tinley Park, Illinois. Plaintiffs are consumers within the meaning of the FCRA as defined by 15 U.S.C. §1681a(c) and (b). The Plaintiffs are also debtors as defined by the bankruptcy code, 11 U.S.C. §101(13).

### Equifax

3.  Equifax is a corporation incorporated in the state of Georgia and is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State with a registered agent of Illinois Corporation Service C.

4.  Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by 15 U.S.C. §1681a(p).

5.  Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

### CitiMortgage, Inc.

6.  CitiMortgage is a corporation who is authorized to do business in the State of Illinois. CitiMortgage's Illinois registered Agent is CT Corporation Systems.

7.  CitiMortgage is a furnisher of information to Equifax.

## BANKRUPTCY CASE

8.  In 2006, Plaintiffs executed a first mortgage in the amount of $270,000.00 ("subject debt") in favor of CitiMortgage secured by the property commonly known as 6412 182nd Place, Tinley Park, Illinois ("Subject Property").

2

9. On August 8, 2013, Plaintiffs filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-31772.

10. CitiMortgage was properly listed and scheduled as a creditor in Plaintiffs' bankruptcy. *See* Exhibit A, a true and correct copy of Plaintiffs' Chapter 13 bankruptcy Schedule D filed with the court.

11. Plaintiffs' Schedule D listed CitiMortgage account number 2003785870. *Id.*

12. The subject debt was a primary mortgage secured by 6412 182nd Place, Tinley Park, Illinois ("Subject Property").

13. CitiMortgage had actual notice of Plaintiffs' bankruptcy. *See* Exhibit B, a true and correct copy of the Bankruptcy Noticing Center's Certificate of Notice establishing service of notice of Plaintiffs' bankruptcy on CitiMortgage,

14. Plaintiffs filed their Original Plan on August 9, 2013. The Original Plan Contained the following language: "Plaintiffs are surrendering the real property located at 6412 182nd Place, Tinley Park, Illinois to CitiMortgage, Inc. and Citicorp Credit Services in full satisfaction of their claims." *See* Exhibit C, a true and correct copy of the Original Plan.

15. Plaintiffs filed an Amended Chapter 13 Plan on September 19, 2013. The Amended Chapter 13 Plan Contained the following language: "Plaintiffs are surrendering the real property located at 6412 182nd Place, Tinley Park, Illinois to CitiMortgage, Inc. and Citi Credit Services in full satisfaction of their claims." *See* Exhibit D, a true and correct copy of the Amended Chapter 13 Plan.

16. Plaintiffs' Amended Chapter 13 plan was confirmed by Judge Eugene R. Wedoff on October 10, 2013. *See* Exhibit E, a true and correct copy of the Order of Confirmation.

17. Plaintiffs completed all payments under their Confirmed Chapter 13 Plan and received their discharge on November 25, 2014. *See* Exhibit F, a true and correct copy of the Discharge Order.

18. CitiMortgage had actual notice of Plaintiffs' discharge. *See* Exhibit G, a true and correct copy of the Bankruptcy Noticing Center's Certificate of Notice establishing service of the Discharge Order on CitiMortgage,

19. The Order of Discharge expressly states:

> "The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor...." *Id.* at p. 2.

20. On November 27, 2014, the BNC served CitiMortgage with the Order of Discharge. *Id.*

21. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by CitiMortgage or any other party.

22. On January 31, 2015, Plaintiffs' bankruptcy case closed.

23. Plaintiffs' personal liability on the subject debt was extinguished via their bankruptcy discharge, thus terminating the business relationship with CitiMortgage and any of its successors and assigns.

4

CREDIT REPORTING AND PLAINTIFFS'S CREDIT DISPUTES

**a. Plaintiffs's First Dispute Letter to Equifax**

24. On November 25, 2014 the subject debt to CitiMortgage was discharged. Plaintiffs sent two requests for investigation of the pre-petition debt to Equifax on January 13, 2015, to Equifax's dispute address. One separate dispute for Plaintiff, Richard Allen Powell and a second letter for Plaintiff Jodie Powell. *See* Exhibit H, a true and correct copy of Richard Allen Powell's first dispute letter to Equifax with proof of mailing, *See* also Exhibit I, a true and correct copy of Jodie Powell's first dispute letter to Equifax with proof of mailing  (collectively, "first dispute letters").

25. The first dispute letters requested that Plaintiffs' credit files be updated to reflect the zero balance and discharged status of all accounts discharged in their Chapter 13 bankruptcy. Plaintiffs attached the relevant bankruptcy documents to their individual disputes; namely their bankruptcy schedules, Confirmed Plan, and Discharge Order. *See* Exhibit H and I.

26. Among other things, Plaintiffs' first dispute letters to Equifax stated the following:
    a. "I am enclosing a copy of the Order Discharging Debtor;"
    b. "Please update the subject credit file(s) to reflect the discharged status of the debts..."
    c. "Report a current balance of '0'" on all discharged accounts..."
    d. "Consequently, I am requesting you to immediately activate the Automated Dispute Resolution System with respect to this written notice;" and
    e. "I request that you forward this letter, and enclosures, to each of the creditors listed in my schedules." *See* Exhibit H and I.

27. Plaintiffs sent their first dispute letters to Equifax via certified mail, return-receipt requested. *See* Exhibit H and I.

**b. Equifax's Response to Plaintiffs' First Dispute Letters**

28. Equifax responded to Plaintiffs' first dispute letters by adding the words "included in bankruptcy" *See* Exhibit J, a true and correct copy of the results of first dispute letter bearing Equifax as to Richard Allen Powell and *See* Exhibit K, a true and correct copy of the results of first dispute letter bearing Equifax as to Jodie Powell conformation dated January 25, 2015 (collectively, "Investigation Results 1").

29. Notwithstanding Equifax's representation, the trade line for the subject debt was corrected, the subject debt was still reporting a "Balance Amount" of $197,853.00, a "Amount Past Due" of $35,706.00, and a "Scheduled Payment Amount" of $1,983.00 per month. *See* Exhibits J and K.

30. The reporting of the subject debt was inaccurate as Plaintiffs were no longer liable on the subject debt. Reporting a "Balance Amount," a "Amount Past Due," and a "Scheduled Payment Amount" falsely implies that Plaintiffs are delinquent and owes the monthly amount.

**c. Plaintiffs' Second Dispute Letters to Equifax**

31. On February 4, 2015, Plaintiffs sent second dispute letters to Equifax via certified mail. *See* Exhibit L, a true and correct copy of Richard Allen Powell's second dispute letter and *See* Exhibit M, a true and correct copy of Jodie Powell's second dispute letter (Collectively, "second dispute letters").

32. In the second dispute letters, Plaintiffs again requested that Equifax investigate the pre-petition debt, stating that the CitiMortgage Account was incorrectly reported. Specifically the letter stated:

    a. "I am requesting an investigation into the following account:

        • CitiMortgage, account #200378

1. Still reporting balance of $197,853. Should be corrected to reflect a balance of Zero.
2. Still reporting amount past due $35,706. Should be corrected to reflect a balance of Zero.
3. Still reporting Scheduled Payment Amount of $1,983. Should be corrected to reflect a balance of Zero.

b. "This account was discharged in chapter 13 bankruptcy plan that allowed me to surrender the property with full satisfaction of the debt...." *See* Exhibit L and M.

33. Plaintiffs sent their second dispute letters to Equifax via certified mail, return-receipt requested. *See* Exhibit L and M.

**d. Equifax's Response to Plaintiffs' Second Dispute Letters**

34. On or about February 16, 2015, Equifax responded to Richard Allen Powell's second dispute letter. On the bottom of page 3 and top of page four of the response, Equifax stated that, "this account is currently reporting included in bankruptcy... If you have additional questions about this item please contact: Citimortgage...." See Exhibit N, a true and correct copy of the February 16, 2015 reinvestigation results from the second dispute letter to Equifax.

35. On or about February 21, 2015, Equifax responded to Jodie Powell's second dispute letter. On the top of page 2 of the response, Equifax stated that, "this account is currently reporting included in bankruptcy... If you have additional questions about this item please contact: Citimortgage...." See Exhibit O, a true and correct copy of the February 21, 2015 reinvestigation results from the second dispute letter to Equifax.

36. Notwithstanding Equifax's representation, the trade line for the subject debt was not corrected; the subject debt was still reporting a "Balance Amount" of $197,853.00, a "Amount Past Due" of $35,706.00, and a "Scheduled Payment Amount" of $1,983.00. *See* Exhibits N and O.

7

37. The reporting of the subject debt was inaccurate because Plaintiffs were no longer liable on the subject debt. Reporting a "Balance Amount," a "Amount Past Due," and a "Scheduled Payment Amount" falsely implies that Plaintiffs are delinquent and owe the monthly payment amount.

38. As of May 7, 2015, Equifax has yet to update the CitiMortgage account trade lines to accurately reflect the discharged status of the subject loans. *See* Attached Exhibit P, a true and correct copy of page 12 of Richard Allen Powell's May 7, 2015 credit report and Exhibit Q, a true and correct copy of page 8 and 9 of Jodie Powell's May 7, 2015 credit report.

39. The inaccurate reporting of the subject loans continues to have significant adverse effects on Plaintiffs' credit ratings and their ability to obtain financing as it creates a false impression that the accounts are delinquent and owing, rendering Plaintiffs high risk consumers.

40. Plaintiffs were denied financing on multiple occasions as a result of Defendant's negative reporting. *See* Group Exhibit R, true and correct copies of letters denying Plaintiffs the extension of credit on multiple occasions.

## COUNT I - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST CITIMORTGAGE)

41. Plaintiffs restate and reallage paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiffs are a consumers as defined by 15 U.S.C. §§1681a(c) and (b).

43. CitiMortgage is a "person" as defined by 15 U.S.C. §1681a(b).

44. CitiMortgage is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

8

45. CitiMortgage violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving multiple requests for an investigation and reinvestigation from Equifax and Plaintiffs.

46. CitiMortgage violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiffs and Equifax.

47. Had CitiMortgage reviewed the information provided by Plaintiffs and Equifax, it would have corrected the inaccurate information reported to Equifax; instead CitiMortgage wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

48. CitiMortgage violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiffs' file.

49. CitiMortgage violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiffs' disputes with Equifax.

50. CitiMortgage violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate reporting with respect to the subject loans.

51. CitiMortgage failed to conduct a reasonable reinvestigation of its reporting of the subject loans, record that the information was disputed, or delete the inaccurate reporting from Plaintiffs's credit file within 30 days of receiving notice of a dispute from Equifax and Plaintiffs under 15 U.S.C. §1681i(a)(1).

52. CitiMortgage violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiffs by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

53. Despite the blatantly obvious errors on Plaintiffs' credit file, and Plaintiffs' efforts to correct the errors, CitiMortgage did not correct the errors or trade lines to report accurately and completely. Instead, CitiMortgage wrongfully furnished and re-furnished false and erroneous information that the subject loans were delinquent.

54. A reasonable investigation by CitiMortgage would have confirmed the veracity of Plaintiffs' disputes, yet the inaccurate information continues to be reported on Plaintiffs' credit file.

55. Had CitiMortgage taken steps to investigate Plaintiffs' valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous credit reporting. Plaintiffs provided all relevant information in their requests for investigation. Furthermore, Plaintiffs' bankruptcy information is public record that is widely available and easily ascertainable.

56. By deviating from the standards established by the banking industry and the FCRA, CitiMortgage acted with reckless disregard for its duty as a furnisher to report accurate and complete consumer credit information to both Equifax and Plaintiffs directly.

WHEREFORE, Plaintiffs, RICHARD ALLEN POWELL AND JODIE POWELL request that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Order the deletion or modification of all adverse credit reporting relating to the subject loans;

    c. Award Plaintiffs actual damages, in an amount to be determined at trial, for the underlying FCRA violations;

    d. Award Plaintiffs statutory damages of $1,000.00 for violations of the FCRA, pursuant to 15 U.S.C. §1681n;

    e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

    f.  Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

    g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II - VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

57. Plaintiffs restate and reallege paragraphs 1 through 56 as though fully set forth herein.

58. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

59. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

60. Plaintiffs provided Equifax with all relevant information and documentation in their requests for investigation and reinvestigation to reflect that they obtained a discharge and are no longer liable for the subject loans.

61. Equifax prepared Plaintiffs' credit reports containing inaccurate information by reporting the subject loans with an amount past due, an owed balance, and a scheduled payment amount, when in fact they had received a bankruptcy discharge and owed no past due amounts, no balances, and no scheduled payment amounts on the subject loans.

62. A simple review of the documents submitted by Plaintiffs would have confirmed that Plaintiffs had filed bankruptcy, no longer owed a balance, no longer had a scheduled payment amount and were not past due from the time of their bankruptcy.

63. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiffs' credit file.

64. Had Equifax taken *any* steps to investigate Plaintiffs' valid disputes, it would have determined that subject loans were discharged in bankruptcy.

65. Instead, Equifax sent Plaintiffs multiple correspondences that it had updated its records to reflect Plaintiffs' bankruptcy discharge, at the same time that it willfully continued to report the inaccurate information.

66. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to record all relevant information that it received from CitiMortgage and Plaintiffs with regard to Plaintiffs' credit reports and the subject debt.

67. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiffs and CitiMortgage with regard to the subject debt.

68. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiffs' disputes.

69. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from CitiMortgage that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiffs. The lack of notice and correction caused Plaintiffs to pull their credit multiple times, only to find that the inaccurate reporting remained.

70. After Plaintiffs' written disputes, Equifax had specific information related to Plaintiffs' bankruptcy case and discharge order, which included the subject debt.

71. Equifax knew that the inaccurate designation of the subject loans on Plaintiffs' credit report under the CitiMortgage trade lines as delinquent, in default, and with a high balance owed after their bankruptcy discharge would have a significant adverse affect on Plaintiffs's credit worthiness and ability to receive a "fresh start" after bankruptcy.

72. The FCRA requires that the credit reporting industry put procedures and systems in place to promote accurate credit reporting.

73. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with reckless disregard for its duties to report accurate and complete consumer credit information.

74. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information is accurate.

75. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiffs' credit file and reporting Plaintiffs' credit information.

76. Equifax acted reprehensively and carelessly by reporting and re-reporting an innocent consumer as continually delinquent, in default, and owing a high past due balance on the CitiMortgage accounts after being discharged in bankruptcy.

77. As a result of the conduct, actions, and inaction of Equifax, Plaintiffs have suffered various types of damages as set forth herein, including specifically, the loss of credit, the loss of ability to purchase and benefit from a credit line, certified mail expenses, other frustration and aggravation associated with writing dispute letters, time and money expended meeting with their attorneys, tracking the status of their disputes, monitoring their credit file, and the mental and emotional pain and suffering, anguish, humiliation, and embarrassment of constant credit denials.

78. Equifax's conduct was willful, rendering each liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

WHEREFORE, Plaintiff RICHARD ALLEN POWELL AND JODIE POWELL requests

that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the
aforementioned statutes and regulations;

b. Order the deletion of all adverse credit reporting;

c. Award Plaintiffs actual damages, in an amount to be determined at trial, for the
underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiffs statutory damages of $1,000.00 for the underlying FCRA violations,
pursuant to 15 U.S.C. §1681n;

e. Award Plaintiffs punitive damages, in an amount to be determined at trial, for the
underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiffs costs and reasonable attorney's fees as provided under 15 U.S.C. §
1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III- VIOLATION OF THE DISCHARGE INJUNCTION
### (AGAINST CITIMORTGAGE)

79. Plaintiffs restate and reallege paragraphs 1 through 78 as though fully set forth herein.

**a. Section 11 U.S.C. §524(a)(2)**

80. Pursuant to 11 U.S.C. §524(a)(2), a discharge order "operates as an injunction" against

acts to collect discharged debts.

81. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts

to collect a discharged debt is in contempt of the bankruptcy court that issued the order of

discharge." *Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 915 (7th Cir. 2001).

82. Punitive damages may be awarded for violations of the bankruptcy discharge, and are

especially appropriate when a party acts in "clear disregard and disrespect of the

bankruptcy laws." *In re Vazquez*, 221 B.R. 222, 231 (Bankr.N.D.Ill.1998). Punitive

damages of four to ten times the amount of compensatory damages may be appropriate

for willful violations of the bankruptcy injunction. *Id.*

14

**b. CitiMortgage's conduct was perpetual, willful, and wanton**

83. CitiMortgage had knowledge of the Order of Discharge and discharge injunction through multiple notices from the BNC, the public record, and from Plaintiffs directly. *See* Exhibits A through D.

84. CitiMortgage violated the Order of Discharge by willfully attempting to collect the subject debt with actual notice of Plaintiffs' bankruptcy and the discharged status of the subject debt.

85. Specifically, CitiMortgage's failure to update its reporting of the subject loans represents an act to collect the subject debt through coercion.

86. CitiMortgage should have implemented procedures and trained its employees to both discourage and prevent willful and wanton violations of the bankruptcy code.

87. CitiMortgage's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the bankruptcy code.

88. Based on the broad language of the bankruptcy code, CitiMortgage willfully sought to collect a debt from Plaintiffs in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff RICHARD ALLEN POWELL AND JODIE POWELLrequests that this Honorable Court:

a. Hold CitiMortgage in civil contempt of the Order or Discharge pursuant to 11 U.S.C. §§524 and 105;

b. Order CitiMortgage to pay Plaintiffs for their actual damages in an amount to be determined by the court as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

c. Order CitiMortgage to pay punitive damages in an amount to be determined by the court for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§524 and 105;

    d.  Order CitiMortgage to pay Plaintiffs their reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C.; §§524 and 105; and

    e.  Provide such other and further relief as the Court may deem just and proper.

**Plaintiff demands trial by jury.**

Dated: July 10, 2015             Respectfully Submitted,
/s/ Penelope N. Bach
Penelope N. Bach, Esq. ARDC#6284659
Counsel for Plaintiffs
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188